**OMISSION OF HOUSE NUMBER IN NOTICE OF SHERIFF'S SALE.**

Court of Appeals for Hamilton County.

Joseph Griefenkamp v. Robert J. Cresap, William G. Meyer
and the Durrell Realty Company.

Decided, May 25, 1915.

*Judicial Sales—Sheriff's Sale Invalidated—By Omission to Give the Number of the House in Notice of Sale—Section 11678.*

Failure to give the house number in the notice of a judicial sale of improved property located within a municipality where house numbers have been assigned is an irregularity which invalidates the sale.

*C. W. Baker,* for plaintiff.

*W. G. Durrell, W. C. Meyer* and *T. K. Schmuck,* contra.

Gorman, J.

This case is here on appeal from a decree of the common pleas court.

We are of the opinion that a decree should be entered in this court such as the one entered in the court of common pleas, upon the reasoning of the trial judge in the opinion announced by him; and for the further reason that the sale made under the proceedings to sell for the tax lien, was not in conformity with the provisions of Section 11678, which was in force at the time of the sale, 1905, and among other things provides:

"All notices and advertisements for the sale of lands and tenements located in a city or village in this state, made by virtue of proceedings in a court of record therein in addition to a description of such lands and tenements, shall contain the street number or the building or buildings erected on the lands, or the street number of the lots offered for sale. If no such number exists then the notice or advertisement must contain the name of the street or road upon which such lands or tenements are located, together with the names of the streets or roads immediately north and south, or east and west of such lands and tenements, that cross or intersect the street or road upon which they are located."

The advertisement made by the sheriff, in the case in which the premises were sold by him, No. 131768 court of common pleas, omitted entirely to give the house number upon the east twenty-five feet of lot No. 80, which was one of the lots

sold in said proceedings and bought in by William C. Meyer. While it is true that the parties may have mistakenly believed that a vacant lot was being sold, nevertheless, as a matter of fact it was not a vacant lot, but there was a substantial house thereon, and the failure to comply with this statute was such an irregularity as would invalidate the same and warrant the court in setting it aside.

The defendant, William C. Meyer, under the provisions of Section 5767, General Code, is entitled to have refunded to him the amount of the purchase money with interest thereon, together with the taxes subsequently paid by him, and interest on the same from the dates of payment. This, we understand, is what the court below decree to him.

JONES (E. H.), J., and JONES (Oliver B.), J., concur.